IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankr. No. 21-10069-TPA |
| | ) | |
| MENDY LYNNE GARDUNO | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| MENDY LYNNE GARDUNO | ) | Adv. Pro. No.  21-01008-TPA |
| | ) | |
| Plaintiff/Debtor, | ) | Doc. No. |
| | ) | |
| vs. | ) | Hearing: |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STIPULATION AND SETTLEMENT**
**AGREEMENT AS TO STUDENT LOAN DEBT**

The United States of America, on behalf of the United States Department of Education ("Education"), by and through its counsel, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Jill L. Locnikar, Assistant United States Attorney, and Mendy Lynne Garduno by and through her counsel, Mark T. Aaron, hereby stipulate to resolve the pending adversary proceeding on the following terms:

1.  Plaintiff agrees that, on or about January 5, 2017, Plaintiff obtained two Federal Direct Consolidation Loan disbursements from Education under the William D. Ford Federal Direct Consolidation Loan Program ("Direct Loan).  The total amount disbursed on the first loan was $40,435.33, and the amount due as of April 21, 2021 is $47,169.21.  The total disbursed on the second loan was $108,878.53, and the amount due as of April 21, 2021 is $127,010.67.  The interest rate for both loans is 5.25%.  The total due on both loans as of April 21, 2021 is $174,179.88 ("Federal Student Loan Debt").

1

2. Debtor filed the instant adversary case on December 10, 2020.

3. The United States filed its answer on April 23, 2021.

4. Plaintiff and Defendant dispute the dischargeability of the aforesaid student loans pursuant to 11 U.S.C. § 523(a)(8), and the parties enter into this Joint Stipulation and Settlement Agreement (the "Settlement Agreement") voluntarily to avoid both the costs and risks inherent in continuing to litigate this matter.

5. To settle all issues in dispute, the parties agree that Plaintiff shall make all required payments in accordance with the below stated terms, commencing with the execution of this agreement according to the terms set for below:

    a. Plaintiff agrees to make monthly payments to Education in the amount of Three Hundred twenty-nine dollar and 90 cents ($329.90) for a term of 240 consecutive months commencing thirty (30) days after the Court's approval of this Agreement.

    b. Plaintiff will make all payments required in a timely manner, such that the monthly payments are received no later than the 30th day of each month.

    c. Payments will be mailed to U.S. Department of Education/DMCS, P.O. Box 790336, St. Louis, MO 63179-0336, or any updated address when notified by Defendant, and will include the Plaintiff's social security number to insure proper credit of the payments.

6. After all payments have been made pursuant to this agreement, any remaining balance shall be deemed discharged in bankruptcy pursuant to 11 U.S.C. §727.

7. In the event of a default, as defined below, the Federal Student Loan Debt shall become due and payable, together with any interest as may have accrued as if this Agreement had never taken effect.

Definition of Default. An "event of default" shall mean any of the following:

    a.    Plaintiff fails to materially comply with any term of this Agreement;

    b.    Plaintiff fails to make two (2) consecutive monthly installment payments by no later than the date the second consecutive monthly instalment payment is due; or

    c.    Plaintiff fails to cure, on or before the twentieth (20th) business day after the date of a written demand on such Plaintiff (as counted from the date such demand is placed in the mail or transmitted by electronic or other means), any past-due payment under this Agreement.

8. In the event of a default, as defined above, any forgiveness of the principal and interest as set forth in ¶ 6 is revoked, and Plaintiff will be liable for the full amount of the outstanding balance, plus interest pursuant to applicable terms of Plaintiff's promissory notes.

9. Nothing in this Settlement Agreement is intended to or does preclude Plaintiff from entering into any economic hardship, forbearance, deferment, or other repayment program currently offered, or which may be offered in the future, by Education to borrowers for which Plaintiff may qualify.

10. The terms of this Settlement/Stipulation shall survive and be effective in any future bankruptcy filing under any chapter of the United States Bankruptcy Code.

11. The parties agree each party will be responsible for their own attorney's fees and costs incurred in this matter.

12. This Settlement Agreement shall be binding on any successors of Education or any other assignees of the Student Loan Obligation.

13. Payments made pursuant to the Settlement Agreement and Stipulation shall be made in accordance with any payment method provided by the Plaintiff's loan service provider.

14. This Settlement Agreement is subject to the approval of the Bankruptcy Court. In the event the Bankruptcy Court declines to approve this Settlement Agreement, it shall be null and void, with no force and effect.

15. Plaintiff and Defendant understand and agree that this Settlement Agreement contains the entire agreement between them, and that any statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their attorneys that are not included herein shall be of no force and effect.

16. If any one or more terms or provisions of this Settlement Agreement is/are held to be unenforceable, the remaining terms and provisions shall remain in full force and effect and shall be construed as if the unenforceable provisions had never been contained in the Agreement.

17. Pursuant to Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure 41(a), the Adversary Proceeding shall be dismissed with prejudice.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

Dated:

BY: */s/ Jill Locnikar*
JILL L. LOCNIKAR
Assistant United States Attorney
Joseph F. Weis, Jr. United States Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Tel: (412) 894-7429
Email: jill.locnikar@usdoj.gov
PA ID No. 85892

Consented to by:

*/s/ Mark T. Aaron*
Mark T. Aaron
434 Wood Street
Clarion, PA 16214
814-229-4825
maaronlaw@gmail.com
On behalf of Plaintiff/Debtor

IT IS SO ORDERED,

_____, J.

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankr. No. 21-10069-TPA |
| | ) | |
| MENDY LYNNE GARDUNO | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| MENDY LYNNE GARDUNO | ) | Adv. Pro. No. 21-01008-TPA |
| | ) | |
| Plaintiff/Debtor, | ) | Doc. No. |
| | ) | |
| vs. | ) | Hearing: |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Joint Stipulation and Settlement Agreement As To Student Loan Debt was served by electronic filing and/or first-class mail, postage pre-paid, this 17th day of September 2021, to and upon:

**Service by Electronic Notification:**

Mark T. Aaron
434 Wood Street
Clarion, PA 16214
814-229-4825
maaronlaw@gmail.com

**Service by First Class:**

**Mendy Lynne Garduno**
495 Railroad Street
Clarion, PA 16214

                                            */s/ Jill Locnikar*
                                            JILL L. LOCNIKAR
                                            Assistant United States Attorney